UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAVID YOUELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CR-82RM |
| | ) | |
| EDWIN G. BUSS | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

A prison disciplinary board took credit time from David Youell after finding him guilty of rioting. The finding and punishment were upheld on administrative review, and Mr. Youell filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Youell contends that there was no evidence to support the board's finding, that the facts of the case don't amount to the Indiana crime of rioting, and that the facility violated his constitutional rights by failing to have working surveillance cameras in the area of the alleged violation. For the reasons that follow, the court denies Mr. Youell's petition.

The federal Constitution provides an inmate facing prison disciplinary proceedings certain rights when the length of his incarceration is at stake. He has certain procedural rights — the right to written notice of the charges, to be heard, to receive a written statement from the decision-maker concerning the evidence relied on and the reasons for the action, and (subject to security concerns) to call witnesses and present documentary evidence. Wolff v. McDonnell, 418 U.S. 539

(1974). He also has the right not to be disciplined unless some evidence supports the discipline. Superintendent v. Hill, 472 U.S. 445 (1985).

Mr. Youell is incorrect that no evidence supported the board's finding. A written post-investigative report was before the board. That report said three offenders had said Mr. Youell had either helped take over his unit or helped barricade the doors. Three other offenders had said Mr. Youell didn't participate in the riot. In his own statement to the board, Mr. Youell denied participation. Mr. Youell identified two inmates as witnesses and they, too, denied that Mr. Youell had anything to do with the events (this record doesn't disclose whether Mr. Youell's named witnesses were among those questioned in the investigation that led to the investigative report).

The evidence before the board wasn't one-sided or conclusive, but the prison disciplinary system, not a federal court, decides what to believe when facts are in dispute. Three individuals, apparently eyewitnesses, said Mr. Youell was involved. No matter how one frames the issue, three witnesses amount to "some evidence" within the meaning of Superintendent v. Hill.

Mr. Youell argues that no prison staff witnessed the incident, so it was wrong for the board to rely on the investigative report. But a prison disciplinary action isn't a criminal prosecution. An inmate has basic due process rights in a disciplinary proceeding, but those rights don't include the right to limit the evidence to statements from people were personal knowledge or to bar what would amount to hearsay evidence were it offered in a criminal trial. *See* Wolff v.

McDonnell, 418 U.S. 539.

Nor do those basic federal due process rights entitle an inmate to have a working video camera wherever state law might appear to dictate. Mr. Youell had the right to present documents and witness statements. The federal constitution requires no more.

Finally, Mr. Youell contends that what he was found to have done — barricade a cell door — doesn't amount to "rioting" under Indiana criminal law. Regardless of the accuracy of that assessment, he wasn't charged with the crime of rioting; he was charged with rioting in violation of the prison rules. No provision of the federal constitution requires prisons to use words in the same they are used in the state's penal code.

Mr. Youell's prison disciplinary procedure didn't violate the federal constitution. The court DENIES his petition for writ of habeas corpus.

ENTERED:  March 2, 2009 

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court